UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALFRED TAYLOR,

      Petitioner,

                             CASE NO. 2:09-CV-10968
v.                       JUDGE LAWRENCE P. ZATKOFF
                             MAGISTRATE JUDGE PAUL J. KOMIVES

MARY BERGHUIS,

      Respondent.
                             /


**REPORT AND RECOMMENDATION**

*Table of Contents*

I. RECOMMENDATION .................................................................. 2
II. REPORT ............................................................................... 2
    A. *Procedural History* ............................................................ 2
    B. *Factual Background Underlying Petitioner's Conviction* ................... 3
    C. *Standard of Review* ........................................................... 4
    D. *Validity of Plea* ................................................................. 6
        1. *Competence* ............................................................. 6
        2. *Lack of Factual Basis* ................................................. 9
    E. *Inaccurate Information at Sentencing* ...................................... 10
        1. *Clearly Established Law* ............................................. 10
    F. *Ineffective Assistance of Counsel* ........................................... 12
        1. *Clearly Established Law* ............................................. 12
        2. *Analysis* ................................................................ 13
            a. Failure to Challenge Competence ............................... 13
            b. Advice to Plead Guilty ............................................. 15
            c. Failure to Challenge Lack of Factual Basis ..................... 16
            d. Failure to Challenge Presentence Report ....................... 16
    G. *Recommendation Regarding Certificate of Appealability* ................ 17
        1. *Legal Standard* ........................................................ 17
        2. *Analysis* ................................................................ 18
    H. *Conclusion* .................................................................... 19
III. NOTICE TO PARTIES REGARDING OBJECTIONS .......................... 19

I.  RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. The Court should also deny petitioner a certificate of appealability.

II. REPORT:

A. *Procedural History*

1. Petitioner Alfred Taylor is a state prisoner, currently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan.

2. On August 22, 2007, petitioner was convicted of breaking and entering a building with intent to commit a larceny, MICH. COMP. LAWS § 750.110; and attempt of the same crime, MICH. COMP. LAWS §§ 750.92, 750.110, pursuant to his no contest plea in the Oakland County Circuit Court. Petitioner also pleaded no contest to being an habitual offender, fourth offense. On September 21, 2007, he was sentenced to concurrent terms of 3-20 years' imprisonment.

3. Petitioner filed a motion to withdraw his plea and to correct an invalid sentence. On May 21, 2008, the trial court denied the motion.

4. Petitioner, through counsel, filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising a single claim for relief:

> DEFENDANT ASSERTS THAT THE SENTENCE OF 36 MONTHS TO 20 YEARS WAS INVALID. ALSO, THAT THE LOWER COURT JUDGE SHOULD HAVE LET HIM WITHDRAW HIS PLEA.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *See People v. Taylor*, No. 285715 (Mich. Ct. App. Aug. 8, 2008) (per curiam).

5. Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court. As grounds for relief, petitioner raised the claim he raised in the court of appeals as ground I, as well

as two additional claims:

> II. SENTENCE WAS INVALID BECAUSE IT WAS BASED ON INACCURATE INFORMATION.
>
> III. APPELLANT'S PLEA SHOULD BE WITHDRAWN BECAUSE IT WAS INACCURATE. IT SHOULD HAVE NOT BEEN ACCEPTED.
>
> IV. APPELLANT CLAIMS THAT HE WAS DENIED HIS CONSTITUTIONAL RIGHT OF DUE PROCESS BASED ON DEFENDANT COUNSEL'S INEFFECTIVE ASSISTANCE.

The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Taylor*, 483 Mich. 852, 759 N.W.2d 22 (2009).

6. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on March 16, 2009. As grounds for the writ of habeas corpus, he raises four claims:

> I. DEFENDANT WAS DENIED RIGHT OF DUE PROCESS AND COMPETENT REPRESENTATION.
>
> II. SENTENCE INVALID BECAUSE IT WAS BASED ON INACCURATE INFORMATION.
>
> III. PLEA WAS INACCURATE DUE TO INSUFFICIENT FACTUAL BASIS TO SUPPORT IT.
>
> IV. PLEA WAS INVOLUNTARY DUE TO INCOMPETENCE TO STAND TRIAL OR ENTER PLEA.

7. Respondent filed her answer on September 23, 2009. She contends that petitioner's claims are without merit.

8. Petitioner filed a reply to respondent's answer on November 2, 2009.

B. *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from his plea of no contest to the charges of breaking and entering with intent to commit a larceny and attempted breaking and entering. There was no plea

3

agreement in the case. Rather, petitioner pleaded no contest based on counsel's and the prosecutor's initial calculation that the guideline for the minimum sentence would be 10-46 months' imprisonment, and on the trial court's agreement to sentence petitioner within the guidelines as the court determined them at the time of sentencing. *See* Plea. Tr., at 4-5.[1] Petitioner's no-contest, rather than guilty, plea was based on his lack of memory of the crime. *See id*. at 6-7. The trial court explained to petitioner the agreement to sentence him within the guidelines, and petitioner indicated that he understood. *See id*. at 8-9. The trial court informed petitioner of the rights he would have if he went to trial and that he was waiving these rights by pleading no contest, and petitioner indicated that he understood the rights he was waiving by entering his plea. *See id*. at 10-12. Petitioner denied that any one had threatened or coerced him to induce his plea, and indicated that it was his desire to plead guilty. *See id*. at 13. The court accepted petitioner's plea, using the police report to establish a factual basis for the plea. *See id*.

C.  *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the actual sentence imposed is more severe.

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the

Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.  *Validity of Plea*

Petitioner first contends that his plea was invalid because he was not competent to stand trial or enter the plea, and because there was an insufficient factual basis for the plea. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.  *Competence*

Due process requires that, for a plea to be valid, it must be entered by a defendant who is

competent to enter the plea. A defendant is competent to stand trial and to enter a plea if he "has 'sufficient present ability to consult with his lawyer with a reasonable degree of rationale understanding,' and has 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 326 U.S. 402, 402 (1960) (per curiam)). When there is reasonable cause to believe that the defendant is incompetent, the court must inquire into defendant's competency before accepting a plea of guilty. *See Drope v. Missouri*, 420 U.S. 162, 173 (1975); *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966).

As explained by another Judge of this Court,

> Competency claims can raise issues of both substantive and procedural due process. A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue. To prevail on the procedural claim, a petitioner must establish that the state trial judge ignored facts which raised a "bona fide doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1343 (10th Cir.1999) (internal citations omitted). A petitioner can make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. A petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence. *Id*. at 1344. To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a "real, substantial, and legitimate doubt" as to his or her competency to stand trial. *Walker*, 167 F.3d at 1347.

*Hastings v. Yukins*, 194 F. Supp. 2d 659, 670-71 (E.D. Mich. 2002) (Cleland, J.). Here, petitioner can succeed on neither a procedural nor substantive competency claim.

With respect to a procedural competency claim, a hearing must be held where a reasonable judge, faced with the facts before the trial judge, would have a "bona fide doubt" about the defendant's competence. *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004). The focus of the inquiry is "on what the trial court did in light of what it knew at the time of the trial or plea hearing." *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990). Factors giving rise to a bona fide doubt may

7

include prior medical opinions on his competence to stand trial or plead guilty, his demeanor in court, and his irrational behavior. *See Drope*, 420 U.S. at 180. Here, there were no circumstances present which would have raised in the mind of the trial judge a bona fide doubt about petitioner's competence to enter a plea. The record of the plea hearing establishes that petitioner understood what was being told him, had the ability to consult with counsel, and responded appropriately to the trial judge's inquiries. The record does not reveal any bizarre or otherwise inappropriate behavior, or any difficulty on the part of petitioner in understanding the proceedings and his plea. Further, "no person present at the . . . plea proceeding–not the trial judge, not the prosecutor, and not [petitioner's] counsel–indicated that [petitioner's] competence should be doubted." *Weisberg v. Minnesota*, 29 F.3d 1271, 1276 (8th Cir. 1994); *see also*, *Williams v. Coughlin*, 664 F. Supp. 665, 668 (E.D.N.Y. 1987). Thus, petitioner is not entitled to habeas relief on a procedural competency claim.

Nor has petitioner presented sufficient evidence to demonstrate entitlement to relief on a substantive competence claim. Petitioner claims that he was diagnosed with schizophrenia in 1997 and was placed on medication for that condition, but contends that he was not taking his medication at the time of the plea hearing. However, nothing in the record supports petitioner's claim that he was not taking his prescribed medications at the time of his plea, and as noted above the transcript of the plea hearing fails to raise any inference that petitioner was not competent at the time of the plea. "Not every manifestation of mental illness demonstrates incompetency to stand trial. Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence." *Hastings*, 194 F. Supp. 2d at 671-72 (citing *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th

Cir.1995)). Petitioner has not presented, either here or in the state courts, any evidence to support his claim that he was suffering from the effects of a mental disorder at the time of his plea which rendered him incompetent to enter his plea.

> In the present case, a review of petitioner's guilty plea transcript shows that []he was "lucid and articulate" at the time that []he entered her plea of guilty and was responsive to the trial court's questions. Petitioner has presented no evidence that []he was not in possession of h[is] mental faculties at the time that []he entered h[is] plea of guilty. Thus, h[is] "after-the-fact" incompetency claim is without merit. *See United States v. Calvin*, 20 Fed. Appx. 452, 453 (6th Cir.2001).

*Hastings*, 194 F. Supp. 2d at 672.[2] Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

2. *Lack of Factual Basis*

Petitioner also contends that his plea was invalid because there was an insufficient factual basis for the plea. The Court should conclude that petitioner is not entitled to habeas relief on this claim, for two reasons.

First, "[t]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution[.]" *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Because the writ of habeas corpus exists only to correct errors of federal law, therefore, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir.

---

[2] For the same reasons that petitioner cannot establish a procedural competency claim based on the trial court's failure to hold a competency hearing, petitioner cannot establish entitlement to an evidentiary hearing to develop facts in support of his substantive competency claim. *See Theriot*, 15 F.3d at 315; *see also*, *Williams*, 664 F. Supp. at 669; *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (Friedman, J.) ( internal quotation omitted) ("In a habeas proceeding, a petitioner is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court."). Here, as explained above, petitioner has presented nothing which creates "a real and substantial doubt as to his competency," and thus he is not entitled to an evidentiary hearing.

9

1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.).

Second, an adequate factual basis for the crime was established at the plea colloquy. At the plea hearing, the trial court relied on the report of the Southfield Police Department to establish the factual basis for the plea. Petitioner does not contend that the police report failed to establish each of the elements of the offense; rather, he contends that the report raises the possibility of an intoxication defense which was not refuted by the prosecutor. However, a factual basis is not inadequate merely because it also discloses the existence of a possible defense. *See People v. Rettelle*, 173 Mich. App. 196, 200-01, 433 N.W.2d 401, 404 (1988); *People v. Stubbs*, 59 Mich. App. 574, 578, 229 N.W.2d 854, 856 (1975). Accordingly, the Court should deny the writ on this ground.

E.     *Inaccurate Information at Sentencing*

Petitioner next contends that he was sentenced on the basis of inaccurate information. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.     *Clearly Established Law*

In *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation arises only

where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

2.  *Analysis*

Here, petitioner points to a statement in the presentence report indicating that, at the time of sentencing he had "been under the jurisdiction of the Court and the Michigan Department of Corrections as a probationer, parolee, and inmate since 1989." Petitioner contends that this information was inaccurate, because he had actually completed parole in 1992 and had no contact with the Michigan Department of Corrections (MDOC) for a period of over 5 years following the completion of that parole. Petitioner cannot show that this information was materially false or that it was an actual basis for the sentence imposed.

Although the trial court asked petitioner about this statement in the presentence report at the time of sentencing, there is no indication that the statement was *material* to the court's sentence. The court, in accordance with its *Cobbs* evaluation, sentenced petitioner within the guidelines determined by the probation department. And the guidelines are based not on whether petitioner was continuously under the jurisdiction of the MDOC, but on the number and nature of petitioner's

11

prior offenses. Regardless of whether there was a gap in the time in which petitioner was subject to the jurisdiction of the MDOC, petitioner does not contend that any information regarding his prior convictions was inaccurate. Thus, there is no reason to believe that either the guidelines or the sentence imposed would have been any different had this statement not been included in the presentence report. Thus, petitioner cannot show that his sentence was demonstrably based on any material false statements of fact. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.  *Ineffective Assistance of Counsel*

Finally, petitioner contends that his trial counsel rendered constitutionally ineffective assistance in a number of respects. Specifically, he contends that counsel was ineffective for: (1) failing to challenge his competence; (2) advising him to plead guilty; (3) failing to challenge the lack of a factual basis; and (4) failing to challenge the inaccurate information at sentencing. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.  *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828.

    2.    *Analysis*

### a. Failure to Challenge Competence

Petitioner first contends that counsel was ineffective for failing to challenge his competence to stand trial and to enter his plea. Counsel's failure to request a competency hearing may amount to ineffective assistance "provided there are sufficient indicia of incompetence to give objective reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability

13

that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001). Here, petitioner cannot show that counsel was ineffective for failing to request a competency hearing. Petitioner does not allege, and nothing in the record shows, that counsel was aware that petitioner suffered from any mental illness which prevented him from understanding the proceedings and assisting in his defense. Nor does anything in the record establish that petitioner was in fact unable to do so. On the contrary, as explained in connection with petitioner's competence claim, the record fails to establish any basis which should have alerted counsel to the possibility that petitioner was not competent to stand trial or enter his plea.

In short, petitioner has presented nothing to show either that counsel should have been aware of the need for a competency hearing, or that he was in fact incompetent to understand the nature of the proceedings and assist in his defense. Thus, petitioner has failed to show that counsel was ineffective for failing to request a competency examination. *See Kalasho v. Cason*, 77 Fed. Appx. 774, 776 (6th Cir. 2003) (counsel not ineffective where petitioner "appeared to have participated competently in his defense"); *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000) (counsel not ineffective where petitioner presented evidence that he suffered from mental disorder where nothing in the record showed that petitioner was unable to consult with counsel or understand the proceedings); *Eddmonds v. Peters*, 93 F.3d 1307, 1317 (7th Cir. 1996) (counsel not ineffective where record showed that petitioner was able to assist in his defense); *Etoria v. Bennett*, 292 F. Supp. 2d 456, 472-73 (E.D.N.Y. 2003) (counsel not ineffective notwithstanding petitioner's mental illness where petitioner was able to understand the proceedings and assist in his defense, and nothing in the record showed that counsel should have been aware of petitioner's mental disorder).

14

Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. Advice to Plead Guilty

Petitioner also contends that counsel was ineffective for advising him to plead guilty in light of a viable intoxication defense and the fact that petitioner gained nothing by pleading guilty. This claim is without merit.

Petitioner contends that counsel was ineffective for advising him to plead guilty in light of the fact that there was a substantial intoxication defense. However, petitioner does not contest that there was significant evidence of his guilt, nor does he contend that he did not in fact commit the crimes with which he was charged. For an intoxication defense to have been viable, petitioner would have had to have cleared a high hurdle, because under Michigan law voluntary intoxication is not an excuse for a crime and therefore does not serve as a defense to a general intent crime. It may, however, negate the specific intent necessary to commit a crime requiring a showing of specific intent. *See People v. Langworthy*, 416 Mich. 630, 638, 331 N.W.2d 171, 173 (1982). To negate a specific intent on the basis of voluntary intoxication, it is not enough for a defendant to show that he was intoxicated, or even that his intoxication affected his judgment. Rather, he must show that he was "intoxicated to the point at which he was incapable of forming the intent to commit the charged crime." *People v. Mills*, 450 Mich. 61, 82, 537 N.W.2d 909, 920 (1995); *People v. Savoie*, 419 Mich. 118, 133-34, 349 N.W.2d 139, 146 (1984); *People v. King*, 210 Mich. App. 424, 428, 534 N.W.2d 535, 536 (1995). In light of the difficulty in proving an intoxication defense and the fact that petitioner, as a fourth habitual offender, faced a potential sentence of life imprisonment, counsel cannot be deemed deficient for having advised petitioner to plead no contest to the charges against him.

This conclusion leads to petitioner's other claim regarding counsel's advice to plead no contest–that he did not gain anything by pleading because, as part of his plea, he admitted to being a fourth habitual offender and therefore was still subject to a term of life imprisonment. This is not so. In exchange for his plea, the court agreed to sentence petitioner within the guidelines, which were preliminarily determined by the parties to be 10-46 months' imprisonment on the minimum term. And the court in fact sentenced petitioner accordingly. Thus, petitioner's plea did not subject him to a potential sentence of life imprisonment, as a conviction after trial would have. Counsel could have reasonably concluded that a plea pursuant to the court's agreement to sentence petitioner to a term within the guidelines, which at that time appeared to authorize a minimum sentence of no more than 46 months' imprisonment, was preferable to attempting to mount a difficult intoxication defense at trial with the potential for a sentence of life imprisonment if that defense failed. Thus, petitioner cannot show that counsel's performance was deficient.

*c. Failure to Challenge Lack of Factual Basis*

Petitioner also contends that counsel was ineffective for failing to challenge the lack of a factual basis for the plea. As noted above, however, the police reports established a factual basis for the plea, and the fact that the reports suggested a possible defense does not, as a matter of state law, call into question the sufficiency of the factual basis. Thus, petitioner cannot establish that counsel was ineffective for failing to object to the lack of a factual basis for the plea.

*d. Failure to Challenge Presentence Report*

Petitioner also contends that counsel was ineffective for failing to challenge the presentence report. However, as explained above petitioner cannot show that the inaccuracies in the report were material to the punishment imposed by the court, and thus petitioner cannot show that he was

prejudiced by counsel's failure to object. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claims.

G.  *Recommendation Regarding Certificate of Appealability*

   1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of

17

probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, if the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to habeas relief on his claims. As explained above, nothing in the record establishes that petitioner's schizophrenia in fact rendered him incompetent to enter his plea, and the record of the state court proceedings fails to raise any inference of incompetence that should have caused either the court or counsel to question his competence to stand trial and to enter his plea. Thus, the resolution of petitioner's competence and related ineffective assistance of counsel claims is not reasonably debatable. Further, it is clear that petitioner's factual basis claim does not present a cognizable claim for habeas relief, and thus the

resolution of this claim is not reasonably debatable. With respect to petitioner's sentencing claim, petitioner's sentence was based on petitioner's extensive prior criminal history and the court's *Cobbs* evaluation, and there has been no showing either that the inaccurate statement in the presentence report was material or that it was demonstrably made the basis for petitioner's sentence. Thus, the resolution of petitioner's sentencing and related ineffective assistance of counsel claims is not reasonably debatable. Finally, in light of the difficulty of asserting a voluntary intoxication defense and the substantial benefit petitioner received by pleading no contest, the conclusion that counsel was performing reasonably in advising petitioner to plead no contest is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

H.   *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of

objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 5/21/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 21, 2010.

s/Eddrey Butts
Case Manager